IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHERMAN DICKEY, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:10-CR-00031 (CAR) |
| | : | NO. 5:12-CV-90121 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION TO VACATE SENTECE

Petitioner and Respondent have filed a joint motion to vacate Petitioner's sentence pursuant to 28 U.S.C. § 2255, in which the parties stipulate that the evidence would be inconclusive as to whether Petitioner's counsel provided ineffective assistance by failing to file a notice of appeal despite Petitioner's instruction to do so. Doc. 86. Petitioner and the Government have stipulated to the entry of a recommendation to grant the motion. Although there is some dispute of fact concerning the nature of the communications between Petitioner and his counsel, both parties acknowledge that Petitioner attempted to raise the question of appeal with his counsel and that his counsel did not file an appeal of the sentence.

Based on the stipulation of the parties, Petitioner is entitled to have his sentence vacated and re-entered so that he can file an out of time appeal. The Eleventh Circuit has held that "prejudice is presumed" when an attorney disregards his client's instructions to file an appeal, and that a petitioner in such a case "is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver." Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005).

When an out-of-time appeal is warranted as the remedy in a Section 2255 case, courts are directed to vacate the criminal judgment from which the appeal is to be permitted, then reimpose the same sentence in a new judgment. <u>United States v. Phillips</u>, 225 F.3d 1198, 1201 (11th Cir. 2000). Upon reimposition of the sentence, the defendant "should be advised of all the rights associated with an appeal from any criminal sentence [and] . . . should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days," as dictated by Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Id.

Accordingly, it is hereby **RECOMMENDED**, pursuant to the stipulation of the parties that Petitioner's sentence be **VACATED**, that his original sentence be **REIMPOSED** in a new judgment, and that he be advised of his right to appeal and the time for such appeal. The parties have notified the Court that they have no objection to the entry of an order granting their consent motion, and have therefore agreed to waive their right, pursuant to 28 U.S.C. §636(b)(1), to file written objections to this recommendation with the district judge to whom this case is assigned. In view of the above recommendation, it is further **RECOMMENDED** that Petitioner's Motion to Vacate (Doc. 71) and Motion for Discovery and Medical Expert (Doc. 78), as well as Respondent's Motion to Dismiss (Doc. 74) be **DENIED** as moot.

**SO RECOMMENDED**, this 22nd day of August, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge